# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § § | CRIMINAL NO. 97-CR-172 <br> 97-CR-168 |
| GRATINIANO TOVAR-VALENCIA, | § § | |

## MEMORANDUM AND ORDER

The defendant, Gratiniano Tovar-Valencia, petitioned for a writ of mandamus in this case and another case, 97-cr-168, although he asserts that he will proceed under 28 U.S.C. § 2241 or Federal Rule of Civil Procedure 60(b) if those are appropriate vehicles for the relief he seeks. He asserts, as he has in similar motions filed in the past, that he is entitled to an order from the United States Court of Appeals or this court to require the United States Attorney's Office to adhere to the plea agreement he entered. He persists in his argument that the second of the two guilty pleas he entered, to separate indictments, was barred by the first plea agreement. Tovar-Valencia argues that the plea agreement in H-97-cr-172 barred his guilty plea in H-97-168 because that agreement included a commitment by the government not to "further criminally prosecute the Defendant in the Southern District of Texas for offenses arising from conduct charged in the criminal indictment, except for crimes of violence." Tovar-Valencia argues that the second plea he entered, in H-97-168, was barred by this language and that the United States had to dismiss the indictment in that case. He seeks an order requiring the United States Attorney to dismiss the indictment in H-97-168 and resentence him. (Docket Entry No. 256, p. 3).

This court has previously denied a similar motion. (Docket Entry No. 265). The reasons for that ruling still apply. In H-97-168, the court denied the application for a writ of mandamus. The

magistrate judge reasoned that the first plea agreement did not bar the second because each indictment charged separate conspiracies. The district court adopted the magistrate judge's memorandum and recommendation. This court agrees that the two indictments charge separate conspiracies. In H-97-172, Tovar-Valencia pleaded guilty to conspiracy to launder monetary instruments. In H-97-168, the indictment charged a conspiracy to distribute drugs. The overt acts, facts, and codefendants — with one exception — are different. This supports and confirms the result reached to deny the petition for mandamus and other procedural grounds for obtaining similar relief. Because of the different conspiracies charged in the two indictments, there is no bar in the first plea agreement to the second plea. There is no clear duty on the part of the United States Attorney to dismiss the indictment that was the basis of the second plea and seek resentencing. The petition and amended petition for writ of mandamus, Docket Entry No. 256, are denied.

SIGNED on July 9, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge